IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT K. LEUNG, CHARLES C. CHAN, SEVERO N. FLORES, CONSTANTINE J. ZACHOS, ANGELO J. SPAGNOLI, JOSEPHINE N. BORGES, CLODAGH COLES,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO POLICE DEPARTMENT, HEATHER FONG, and DOES 1–10, inclusive,<br><br>Defendants. | No. C 06-06042 WHA<br><br>**ORDER GRANTING IN PART MOTION FOR SUMMARY JUDGMENT AND REMANDING TO STATE COURT** |

**INTRODUCTION**

In this police-promotion action, defendants City and County of San Francisco, San Francisco Police Department, and chief of police Heather Fong move for summary judgment against plaintiffs Robert Leung, Charles Chan, Severo Flores, Constantine Zachos, Angelo Spagnoli, Josephine Borges, and Clodagh Coles. Plaintiffs are seven police officers who allege that they were not promoted to the rank of sergeant in violation of federal and state laws. For the reasons stated below, defendants' motion for summary judgment is **GRANTED** with respect to the Section 1983 claim and ADA claim. The remaining state claims shall be remanded to San Francisco Superior Court.

**STATEMENT**

Plaintiffs all took the Q-50 Sergeant exam administered in late 2000. Their names appeared on the eligible-for-promotion list. In July 2005, chief of police Heather Fong

promoted 28 officers to the rank of sergeant. Another 29 officers were promoted to the rank of sergeant on August 22, 2005, the day that the eligible-for-appointment list expired. When making her promotion decisions, Chief Fong considered factors other than test scores — *e.g.*, "secondary criteria," disciplinary records, leadership indicators, the demonstrated specialized skills, qualities and experience of each candidate, and the needs of the SFPD. None of the seven plaintiffs were promoted.

Plaintiffs filed their complaint on September 28, 2006, claiming that defendants used non-merit based factors to make their promotion decisions. They allege the following claims against defendants: (i) deprivation of due process under California Government Code § 3304; (ii) deprivation of due process under the California Constitution, Article I, Section 15; and (iii) deprivation of due process under 42 U.S.C. 1983. Plaintiff Borges alleges disability discrimination in violation of the Americans with Disabilities Act. Plaintiffs also seek declaratory relief.

**ANALYSIS**

Summary judgment is granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FRCP 56(c). A district court must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there is any genuine issue of material fact. *Giles v. General Motors Acceptance Corp.*, 494 F.3d 865, 873 (9th Cir. 2007). A genuine issue of fact is one that could reasonably be resolved in favor of either party. A dispute is "material" only if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

The moving party "has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F. 3d 1099, 1102 (9th Cir. 2000). When the moving party meets its initial burden, the burden then shifts to the party opposing judgment to "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file,

designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

### 1. SECTION 1983 CLAIM.

Plaintiffs bring a Section 1983 claim against defendants for violating their Fifth Amendment right to due process. "Property interests . . . are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law — rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Duncan v. Dept. of Personnel Administration*, 77 Cal. App. 4th 1166, 1175 (2000).

Plaintiffs were not entitled to a promotion, defendants argue. In *Nunez v. City of Los Angeles*, 147 F.3d 867 (9th Cir. 1998), police officers sued the city police department under Section 1983, alleging that the department violated their substantive due process rights by promoting inexperienced candidates. The Ninth Circuit held that the officers had no constitutionally protected property or liberty interest in receiving a promotion. Specifically, it stated:

> Do these police-officer plaintiffs have a property interest in promotion? Although one's actual job as a tenured civil servant is property, the prospect of a promotion is not in the same category. Several of our sister circuits have already reached the issue and rejected attempts to classify an expectancy in a promotion as a property interest . . . We see no reason to buck the trend . . . In California, the terms and conditions of public employment are generally "fixed by the statute, rules or regulations creating it, not by contract (even if one is involved)." No such law creates a property interest in a promotion.

*Id.* at 871–72. Plaintiffs' due process claim therefore fails because they lack a constitutionally protected property right in an anticipated promotion.

Plaintiffs try to distinguish *Nunez* from this case — they argue that, while holding that the officers could not pursue a claim for *substantive* due process violations with respect to promotions, the Ninth Circuit did not say that officers could not allege *procedural* due process

3

violations. They claim that "[a] plaintiff *does* have a property interest in the procedures for promotions under procedural due process principles; when the challenged deprivation arises from a state employee's unilateral failure to follow procedures established by the state to protect the plaintiff, and there is no post-deprivation relief available, there is a due process violation" (Opp. Br. 15). They rely on *Goodisman v. Lyle*, 724 F. 2d 818, 820 (9th Cir. 1984) for the proposition that procedural requirements can give rise to property interest when they impose "significant limitation on the discretion of the decision maker." Plaintiffs conclude that, because defendants had overly-complicated policies and Chief Fong did not promote candidates on the basis of merit, plaintiffs' rights to procedural due process were violated.

This order disagrees. There is more to the *Goodisman* decision than plaintiffs concede. In *Goodisman*, a university professor who was denied tenure brought a Section 1983 action against the university. He challenged the decision and the underlying procedure, claiming that the university had deprived him of procedural due process. Put in context, the Ninth Circuit's holding in *Goodisman* was:

> A protected property interest exists if there is a "legitimate claim of entitlement" to a specific benefit. A subjective expectancy creates no constitutionally protected interest. Procedural requirements ordinarily do not transform a unilateral expectation into a constitutionally protected property interest. A constitutionally protected interest has been created only if the procedural requirements are intended to be a "significant substantive restriction" on the University's decision making. If the procedures required impose no significant limitation on the discretion of the decision maker, the expectation of a specific decision is not enhanced enough to establish a constitutionally protected interest in the procedures.

*Ibid*. The court of appeals found "no significant substantive limitations" in the university's procedures. Nor did the procedures "enhance a candidate's expectation of obtaining tenure enough to establish a constitutionally protected interest." *Id*. at 821.

Here, plaintiffs assert that "San Francisco's municipal laws and other civil service requirements impose a morass of policies, regulations and other protocols that severely constitutes a 'significant limitation' on the Chief's ability to make promotional decisions" (Opp. Br. 15–16). Not so. The selection rule used has already been deemed lawful by Ninth Circuit and California law. *See Officers for Justice*, 979 F.2d 721, 727–28 (9th Cir.

4

1992); *San Francisco Fire Fighters Local 798*, 38 Cal. 4th 38 Cal. 4th 653, 675–81 (Cal. 2006). Defendants' policies and procedures therefore are not a significant limitation on Chief Fong's ability to make promotional decisions. No constitutionally protected interest was created. Because plaintiffs cannot point to the deprivation of a constitutional right, this order shall grant summary judgment with respect to the Section 1983 claim.

### 2. AMERICAN WITH DISABILITIES ACT CLAIM.

Defendants assert that the ADA claim fails because plaintiff Borges failed to exhaust her administrative remedies. Plaintiffs do not oppose defendants motion on this point (Opp. Br. 20 n. 5). This order therefore grants summary judgment in favor of defendants on the ADA claim.

### 3. REMAND TO STATE COURT.

The remaining claims are all state-law claims. The power of a federal court to hear state-law claims is discretionary. According to the Supreme Court in *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988) (emphasis added):

> [A] federal court should consider and weigh in each case, and at every stage of the litigation, *the values of judicial economy, convenience, fairness, and comity* in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.

Keeping the values of judicial economy, convenience, fairness, and comity in mind, this order shall remand the remaining claims to state court because they represent novel issues of state law and should therefore be interpreted by state court judges.

## CONCLUSION

For the foregoing reasons, the motion for summary judgment is **GRANTED** with respect to the Section 1983 and ADA claims. This case is hereby **REMANDED TO SAN FRANCISCO SUPERIOR COURT**.

**IT IS SO ORDERED.**

Dated: December 21, 2007.6

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE